IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                                                                                           23-MR-566

MICHAEL RONCONE,

                Defendant.

## NOTICE OF MOTION AND MOTION FOR REVIEW OF MAGISTRATE JUDGE'S DETERMINATION ON DETENTION

The United States of America by and through its attorney, Trini E. Ross, United States Attorney for the Western District of New York, and Joseph M. Tripi, Nicholas T. Cooper, and Casey L. Chalbeck, Assistant United States Attorney, of counsel, pursuant to Title 18, United State Code, Section 3145(a)(1), hereby files a Motion with the United States District Court in the Western District of New York, for an Order revoking the Decision and Order entered by Magistrate Judge H. Kenneth Schroeder on December 18, 2023; and the government further moves for an Order staying said Order of the magistrate judge until such time as the Court can hear and determine the government's motion for review of the magistrate judge's determination on detention.

**IN SUPPORT THEREOF**, the government sets forth the following:

On December 7, 2023, the government moved to detain the defendant, Mr. Michael Roncone, pursuant to 18 U.S.C. §§ 3142(f), (f)(2)(a)–(B). During the December 18th hearing, the government argued that Mr. Roncone, the former president of the Rare Breed Motorcycle

Club's Wellsville Chapter, and current Vice President of its Buffalo Chapter, is a (1) flight risk, (2) danger to the community, and (3) presents a serious risk of obstructing justice.[1]

Though the government provided a lengthy proffer, complete with dozens of exhibits, going to each of those three bases for detention, the Magistrate Court emphasized that its review of Mr. Roncone's risk of flight, dangerousness, and obstruction of justice was constrained to the offense charged. Accordingly, the Magistrate Court ordered Mr. Roncone released on conditions. Moreover, the Magistrate Court committed clear error when it claimed to have not seen any evidence of Mr. Roncone's drug use; the government proffered multiple exhibits of the drugs and drug paraphernalia found in Mr. Roncone's home.

In any event, the Second Circuit has repeatedly rejected the proposition that courts presiding over detention hearings are limited to considering only that conduct "connected to the activity charged." *United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991); *see id.* ("We have never required such a nexus, nor do we impose such a requirement today. The issue is whether a defendant poses a danger to the community. Shooting a man in the kneecap over

---

[1] The Rare Breed Motorcycle Club was previously the subject of a criminal investigation. *See United States v. Wozniak*, 126 F.3d 105, 107 (2d Cir. 1997) ("At trial, the government presented the following evidence. In 1989, federal and state law enforcement agents began a criminal investigation of the Rare Breed motorcycle clubhouse in Buffalo, New York. The target of the investigation was an alleged conspiracy to distribute cocaine, methamphetamine and marijuana involving members of the club and several associates."). One of its members or associates, Kenneth Wozniak, was convicted one count of conspiracy to possess with intent to distribute a controlled substance containing cocaine and methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, one count of possession with intent to distribute a controlled substance containing cocaine, in violation of 21 U.S.C. § 841(a)(1), and three counts of using a communication device to facilitate the commission of a conspiracy to distribute cocaine and methamphetamine, in violation of 21 U.S.C. § 843(b).

a small debt is probative of dangerousness, regardless of whether the incident was related to drug trafficking."); *United States v. Milan*, 4 F.3d 1038, 1048 (2d Cir. 1993) (noting that it had "repudiate[ed]" the requirement imposed by district court that "the violent conduct witnessed by the informant be connected to the activity charged in the indictment"); *United States v. Barone*, 387 F.App'x. 88, 90 (2d Cir. 2010) (unpublished) (affirming detention order based, in part, on uncharged crimes); *see also United States v. Bruno*, 89 F. Supp. 3d 425, 430 (E.D.N.Y. 2015) ("[T]he Court may consider uncharged conduct in assessing the degree of danger posed by a defendant's release."). Accordingly, as a matter of law, the Magistrate Court's assessment of Mr. Roncone's risk of flight, dangerousness, and serious risk of obstruction was incomplete under the Bail Reform Act. The government seeks this Court's review because Mr. Roncone, a leader of a criminal organization, presents a flight risk, a clear danger to the community, and is at serious risk of obstructing justice.

**WHEREFORE**, it is respectfully requested that the Court (1) stay the order of the magistrate judge releasing the defendant until such time as the District Court can hear and determine this motion; and (2) revoke Magistrate Judge H. Kenneth Schroeder's December 18, 2023, release order.

DATED: Buffalo, New York, December 19, 2023.

                        TRINI E. ROSS
                        United States Attorney

BY: s/JOSEPH M. TRIPI
     Assistant United States Attorney
     United States Attorney's Office
     Western District of New York
     138 Delaware Avenue
     Buffalo, NY 14202
     716.843.5839
     Joseph.Tripi@usdoj.gov

BY: s/NICHOLAS T. COOPER
     Assistant United States Attorney
     United States Attorney's Office
     Western District of New York
     138 Delaware Avenue
     Buffalo, NY 14202
     716.843.5830
     Nicholas.Cooper@usdoj.gov

BY: s/CASEY L. CHALBECK
     Assistant United States Attorney
     United States Attorney's Office
     Western District of New York
     138 Delaware Avenue
     Buffalo, New York 14202
     716.843.5881
     Casey.Chalbeck@usdoj.gov